IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGEL WALKER, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.:  3:21-cv-198 |
| | § | |
| CHRISTINE WORMUTH, Secretary, | § | |
| DEPARTMENT OF THE ARMY | § | |
| Defendant | § | COMPLAINT |

## I.  NATURE OF ACTION

This is an action under 29 C.F.R. § 1614.504, to correct a breach of a Negotiated Settlement Agreement by Defendant, and to provide appropriate relief to Angel Walker who was adversely affected by such practices.  Plaintiff, Angel Walker, alleges Defendant, Department of the Army (hereinafter "the Agency") breached the Negotiated Settlement Agreement (NSA) entered  into on July 29, 2020.

## II.  JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.

The practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

## III.  PARTIES

1.      Plaintiff, ANGEL WALKER was a civilian employee of the Department of the  Army, and is currently a resident of El Paso, El Paso County, Texas.

2.      Defendant, **DEPARTMENT OF THE ARMY**, is a federal agency and may be served with process by serving its department head, Christine Wormuth, Secretary, Office of the Secretary of the Army, 1400 Defense Pentagon, Washington, D.C. 20301-1400, the Attorney General of the United

States, Merrick B. Garland, Department of Justice, 950 Pennsylvania Ave. N.W., Washington, D.C.

20530-0001, and Ashley C. Hoff, U.S. Attorney, Western District of Texas, 601 NW Loop 410,

Suite 600, San Antonio, Texas, 78216.

## IV.   STATEMENT OF CLAIMS

3.      Less than ninety days prior to the institution of this lawsuit, Angel Walker received the

Office of Federal Operations decision authorizing her to file a civil action in federal district court

alleging non-compliance of the Agency with the negotiated settlement agreement.  All conditions

precedent to the institution of this lawsuit have been fulfilled.

4.      Since on or about August 29, 2020, Defendant, Agency has engaged in breach of the

negotiated settlement agreement entered into on July 29, 2020.

## V.   NON-COMPLIANCE WITH THE NSA

5.      Plaintiff was a federal employee with the Department of the Army at William Beaumont

Army Medical Center, at Fort Bliss, Texas.  She had filed an EEO complaint in May 2019, and

requested a hearing before an EEOC administrative judge.  On the day of the hearing, the Agency

entered into a Negotiated Settlement Agreement (NSA) with Appellant on July 29, 2020.  The

relevant paragraph, Paragraph 2c reads in part:

> Agency shall assist Complainant and Attorneys who represent her in facilitation of
> documents required to apply for a medical retirement from Federal Service. Agency does not
> guarantee such approval will be granted by Office of Personnel Management (OPM). (See
> Exhibit A, *Negotiated Settlement Agreement*).

Plaintiff entered into the NSA with the understanding that the Agency had already submitted

her packet and would continue to assist her as it was being processed by OPM.

6.      The EEOC Office Of Federal Operations erroneously states that this should have been in the NSA.  However, contract law does not require the agreement to be in such detail, only that it reflects the intent of the parties.  In this case, Plaintiff's intent was to have the Agency assist her with her retirement package based on the previous actions allegedly completed by the Agency.  When it became obvious the Agency had not performed its responsibilities prior to the NSA being agreed upon, the Agency was in breach based on Plaintiff's intent as expressed to the Agency before signing the NSA.  SFC Bahley, as required as Plaintiff's supervisor, failed to complete the packet and as a result the Agency was in breach.

The Agency did not cure the breach by sending blank paperwork; because that was for a non-employee and the original paperwork was for an employee and carried additional requirements for the Agency such as a supervisor's statement from the Orthopedics Department where Plaintiff previously worked.  The Agency never sent a completed packet to Plaintiff as they claim, and they certainly never facilitated a completed packet.  Any packet sent was invalid and erroneous.

7.      Plaintiff relied on the promises made by the Agency in the NSA.  As a result of the Agency's non-compliance with the NSA, Plaintiff no longer has a medical retirement packet being processed with OPM.

This is misrepresentation by the Agency and fraud in the inducement.  The Agency misrepresented to Plaintiff the status of her medical retirement packet, which induced her to enter into the NSA.  Plaintiff stated as much to the administrative judge, that the Agency having submitted her packet and it being in the OPM pipeline was one of the major factors in her agreeing to settle her EEOC case with the Agency.  However, as seen above, the Agency had failed to submit her packet, and the packet disappeared.

Title 29 C.F.R. § 1614.504 provides for Agency Compliance with Negotiated Settlement

3

Agreements, and the process for which the Plaintiff can follow.  In this case, Plaintiff informed the Agency of the potential breach; the Agency responded; and Plaintiff was not satisfied with the potential cure.

The Agency's actions in this case violate public policy and undermine public confidence and trust in the Agency's ability to keep its promises under negotiated settlement agreements.  The Agency has a duty of good faith and fair dealing when making, enforcing, and in the performance of such agreements under which employees may rely.  Restatement (Second) Contracts §205.

8.      Plaintiff asserts that this non-compliance is a material breach of the NSA and that she has been deprived of the benefits which were promised her in the NSA.  Restatement (Second) Contracts §241.  Finally, Plaintiff asserts that she has suffered damages as a result of the Agency's non-compliance and will continue to suffer damages in the future unless the Agency's non-compliance is addressed and remedied by this Court.

9.      EEOC Regulation 29 C.F.R. §  1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply.  *See **Herrington v. Department of Defense***, EEOC Request No. 05960032 (December 9, 1996).  The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention that controls the contract's construction. *See **Eggleston v. Department of Veterans Affairs***, EEOC Request No. 05900795 (August 23, 1990).  In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule.  *See **Hyon v. United States Postal Service***, EEOC Request No. 05910787 (December 2, 1991).  This rule states that if the writing appears to be plain

4

and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See **Montgomery Elevator Co. v. Building Eng'g Servs. Co.***, 730 F.2d 377 (5th Cir. 1984).

10.       In Plaintiff's case, the meaning of Paragraph 2c is clear, the Agency is required to provide her with assistance in processing her medical retirement packet, an undertaking unfortunately impossible because of the Agency's material breach, of which the Agency knew or should have known before promising to assist Plaintiff with her medical retirement packet, and the in fact the medical packet did not exist.

## VI.  DAMAGES

12.       Due to the breach of the NSA, Plaintiff has suffered a loss of potential retirement income in the past and a loss of income in the future.  Plaintiff seeks damages in the form of retirement pay,  as well as loss of any benefits which should have accrued to Plaintiff in the event of her medical retirement packet having been submitted timely .

13.       Plaintiff further seeks all attorney's fees and costs associated with this litigation as provided for by each Act stated above and under 42 U.S.C. §1988.

       **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendant for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, and pre-judgment and postjudgment interest at the highest legal rate.  Plaintiff further prays for any and all further relief to which he show himself to be justly entitled, either at law or in equity.

Respectfully submitted,

PITTARD LAW FIRM
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone:  (210) 678-3075
Telecopier: (210) 820-2609
Email: c_k_pittard@yahoo.com


By: /s/ R. Chris Pittard
    R. CHRIS PITTARD
State Bar No. 00794465


ATTORNEYS FOR PLAINTIFF

**EXHIBIT "A"**
**NEGOTIATED SETTLEMENT AGREEMENT**

**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**NEW ORLEANS FIELD OFFICE**

| | | |
|---|---|---|
| **ANGEL D. WALKER** | ) | |
| **Complainant,** | ) | **EEOC No.: 450-2020-00076X** |
| | ) | **AGENCY NO. ARBLISS17APR01429** |
| **vs.** | ) | |
| | ) | **DATE: July 29, 2020** |
| **DEPARTMENT OF THE ARMY** | ) | |
| **Ryan D. McCarthy, Secretary** | ) | |
| **of the Army** | ) | |
| | ) | |
| **Agency,** | ) | |

## NEGOTIATED SETTLEMENT AGREEMENT

1. In consideration of the promises set forth below, the Department of the Army (Agency) and Angel D. Walker (Complainant) agree to settle the above referenced matter. Appellant affirms this Negotiated Settlement Agreement (Agreement) will constitute a request for closure of the matter in its entirety.

2. In consideration for this Agreement, Agency agrees to the following:

   a. Agency will execute a gross lump sum payment to the Complainant's Attorney, Mr. Pittard, for the Complainant in the amount of **$65,000** US Dollars.

   b. Agency will execute the above payment to Complainant's legal counsel, as a full and final resolution of attorney fees and costs in this matter.

   c. Agency shall assist Complainant and Attorneys who represent her in facilitation of documents required to apply for a medical retirement from Federal Service. Agency does not guarantee such approval will be granted by Office of Personnel Management (OPM).

   d. The payment above shall be subject to the following:

      i. Agency, within 30 calendar days of either the execution of this Agreement or Appellant's legal counsel's return of appropriately completed and signed Standard Forms (SF) 3881, ACH Vendor/Miscellaneous Payment Enrollment Form, whichever occurs later, will submit requests for payment, to include a validly executed Agreement, for the above-mentioned payments to the appropriate Defense Finance and Accounting Service (DFAS) Operations Center.

      ii. Timely receipt of a validly executed Agreement and SF 3881 will enable DFAS to process prompt disbursement of the specified funds.

Negotiated Settlement Agreement
Angela D. Walker v. Department of the Army, EEOC No.: 450-2020-00076X, Agency
No. ARBLISS17APR01429

iii. Agency does not guarantee or warrant the timeliness of DFAS' direct disbursement of these funds because DFAS is a separate DoD entity not under Agency's direction or control.

iv. DFAS normally issues payment within 45 working days of receipt of Agency's submission of a validly executed Agreement and SF 3881, but an untimely payment which is corrected within a reasonable amount of time will not be considered a breach of this Agreement.

v. Complainant and Complainant's legal counsel bear full responsibility for the payment of all appropriate taxes to be withheld for payment of federal taxes, income tax, Medicare tax, and FICA which may be subject to withholding by DFAS. The Agency is not making and has made no representations regarding the tax consequences of any payments to Complainant or Complainant's legal counsel under the terms of this Agreement.

3. In consideration for this agreement, Complainant agrees to the following:

a. Complainant will withdraw the aforementioned matter. Complainant waives and releases any and all further or additional relief, remedies, and causes of action of any and all kinds against the Agency and any and all of its officers, managers, supervisors, and employees. Complainant hereby agrees to a settlement of the above-styled matter. This release does not include future claims that arise after the date of this Agreement.

b. If Complainant believes that a provision of this Agreement has been breached, she will notify the Agency representative named below at least 30 days prior to seeking compliance. The Complainant agrees that failure to meet the terms of the requirement to notify the Agency prior to initiating a compliance action shall result in the Complainant waiving any right to attorney fees that may result from a compliance action.

4. This Agreement is deemed jointly drafted by the parties, and any ambiguity shall not be construed for any party based on attribution of drafting. Its provisions are severable and may be enforced independently without regard to enforceability of any other provision.

5. The terms of this Agreement will not establish any precedent, nor will the Agreement be used as a basis by the Complainant or any representative organization to seek or justify similar terms in any subsequent case.

6. This Agreement constitutes the complete understanding between the Complainant and the Agency. No other promises or agreements will be binding unless signed by both parties.

7. This Agreement may be used as evidence in a later proceeding in which either of the patties alleges a breach of the Agreement.

8. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party.

Negotiated Settlement Agreement
Angela D. Walker v. Department of the Army, EEOC No.: 450-2020-00076X, Agency
No. ARBLISS17APR01429

9.  The Agreement will be entered into the record of the Equal Employment Opportunity
Commission (EEOC).   The EEOC will retain jurisdiction for the purpose of enforcing
compliance with the terms of this agreement.

FOR THE COMPLAINANT                        FOR THE AGENCY


_____            _____
ANGEL D. WALKER                            Dean H. Hommer
Complainant                                Colonel, U.S. Army
                                           Agency Settlement Authority



_____            _____
Date                                       Date



_____            _____
R.CHRIS PITTARD                            MATTHEW G. WATSON
Complainant's Representative               Agency Representative


29 Jul 2020_____                   _____
Date                                       Date